IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEONARD K. MURGI for )
NICKOLE M. MURGI, )
                              )
            Plaintiff, )
                              )
    v.                        ) Civil Action No. 09-114J
                              )
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
                              )
            Defendant. )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 27/ᵗʰ day of September, 2010, upon due
consideration of the parties' cross-motions for summary judgment
pursuant to plaintiff's request for review of the decision of the
Commissioner of Social Security ("Commissioner") denying her
application for child's supplemental security income ("CSSI")
under Title XVI of the Social Security Act ("Act"), IT IS ORDERED
that the Commissioner's motion for summary judgment (Document No.
13) be, and the same hereby is, granted and plaintiff's motion for
summary judgment (Document No. 11) be, and the same hereby is,
denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an
obligation to weigh all of the facts and evidence of record and
may reject or discount any evidence if the ALJ explains the
reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d.
Cir. 1999). Where the ALJ's findings are supported by substantial
evidence, a reviewing court is bound by those findings, even if it

would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support her findings and conclusions.

On November 12, 2005, Leonard K. Murgi filed an application for CSSI on behalf of his minor daughter, Nickole M. Murgi, alleging disability since December 2003. Plaintiff's application was denied. At plaintiff's request an ALJ held a hearing on February 28, 2007, at which Nickole and her father appeared and testified. On March 14, 2007, the ALJ issued a decision finding that Nickole is not disabled. On February 27, 2009, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner.

In reviewing this case, the ALJ considered Nickole's testimony, as well as her father's testimony, along with her medical and academic records. The ALJ found that the evidence established Nickole suffers from the severe impairments of attention deficit hyperactivity disorder ("ADHD") and oppositional-defiant disorder. The ALJ further found that those impairments, either alone or in combination, do not meet or medically equal the severity of any of the impairments listed in Appendix 1 of 20 C.F.R. §404, Subpart P ("Appendix 1"), nor do they result in limitations that functionally equal any listing. As a result, the ALJ found that Nickole is not disabled within the meaning of the Act.

AO 72
(Rev. 8/82)

For a child under the age of eighteen to be considered disabled under the Act, he or she must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(i); see also 20 C.F.R. §416.906.

The Regulations outline a three-step sequential evaluation process to determine a child's eligibility for SSI. See 20 C.F.R. §416.924. Under this analysis, a child will be found disabled if: (1) she is not working or engaged in substantial gainful activity; (2) she has a medically determinable impairment or combination of impairments that is severe; and (3) the impairment meets, medically equals, or functionally equals the severity of an impairment listed in Appendix 1. 20 C.F.R. §416.924(b)-(d).

Here, plaintiff challenges the ALJ's findings at steps 2 and 3 of the sequential evaluation process. Plaintiff first argues that the ALJ erred at step 2 in finding that Nickole's alleged learning disability is not a severe impairment. Next, plaintiff contends that the ALJ erred at step 3 by finding that Nickole's severe impairments of ADHD and oppositional-defiant disorder do not meet or medically equal any listing under §112.00 for mental disorders. Finally, plaintiff claims that the ALJ also erred at step 3 in finding that Nickole's impairments do not functionally equal any listing. For the reasons explained below, the court finds that each of these arguments lack merit.

Plaintiff first argues that the ALJ erred at step 2 of the sequential evaluation process by finding that Nickole's alleged learning disability is not a severe impairment.

At step 2, the ALJ must determine whether the claimant has a medically determinable impairment or combination of impairments that is severe. 20 C.F.R. §416.924(c). Here, the ALJ properly found that Nickole has the severe impairments of ADHD and oppositional-defiant disorder because the evidence indicates that those impairments cause more than minimal functional limitations.

Contrary to plaintiff's assertion, Nickole's alleged learning disability is not a severe impairment. Dr. Charles Kennedy, who performed a psychological evaluation of Nickole, found that she functions within the average range of intelligence and does not have a learning disorder. (R. 145). In addition, an evaluation report from Nickole's school indicates that she was not diagnosed with any learning disability. (R. 210). Based on this evidence, the ALJ did not err in making the step 2 severity determination.

Plaintiff next argues at step 3 that the ALJ erred by finding that Nickole's severe impairments of ADHD and oppositional-defiant disorder do not meet or medically equal any listing under §112.00 for mental disorders. Plaintiff also claims that the ALJ erred at step 3 in finding that Nickole's impairments do not functionally equal any listing.

At step 3 of the sequential evaluation process for children, the ALJ must determine whether a claimant's severe impairments meet, medically equal, or functionally equal a listed impairment.

✎AO 72
(Rev. 8/82)

20 C.F.R. §416.924(d). The regulations set forth specific rules for evaluating whether the child claimant has an impairment that meets a listing (20 C.F.R. §416.925), medically equals a listing (20 C.F.R. §416.926) or functionally equals a listing (20 C.F.R. §416.926a).

The burden is on the ALJ to identify the relevant listed impairments in the federal regulations that compare with the claimant's impairments. Burnett v. Commissioner of Social Security, 220 F.3d 112, 120 n.2 (3d Cir. 2000). The ALJ must "fully develop the record and explain his findings at step 3, including an analysis of whether and why [the claimant's] ... impairments ... are or are not equivalent in severity to one of the listed impairments." Id. at 120. However, the burden is on the claimant to present medical findings that show her impairment matches a listing or is equal in severity to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992).

In this case, the ALJ found at step 3 that Nickole suffers from the severe impairments of ADHD and oppositional-defiant disorder, but those impairments either alone or in combination do not meet or medically equal any of the listings in §112.00 relating to mental disorders. As required by Burnett, the ALJ then explained her reasoning why Nickole's impairments do not meet or equal any of those listings. (R. 15).

Although the ALJ satisfied her burden at step 3, plaintiff failed to do so in this case. In order for a claimant to show that her medical condition meets or equals the severity of a

AO 72
(Rev. 8/82)

listed impairment, she must present medical findings which show that she meets or equals all of the criteria for a listed impairment. Sullivan v. Zebley, 493 U.S. 521, 531 (1990). Here, other than broadly asserting that Nickole meets or equals a listing under §112.00, plaintiff did not identify any medical evidence of record to substantiate the claim that Nickole's medical conditions satisfy the criteria of any particular listing. Accordingly, the court finds the ALJ's step 3 determination that Nickole's impairments do not meet or medically equally any listed impairment is supported by substantial evidence.

The court likewise concludes that the ALJ's step 3 finding that Nickole's impairments do not functionally equal any listing is supported by substantial evidence.

Under the regulations, an impairment functionally equals the listings if it results in "marked" limitations[1] in two domains of functioning or an "extreme" limitation[2] in one domain. 20 C.F.R. §416.926a(a). The six domains of functioning to be considered in this evaluation are: (1) acquiring and using information; (2)

---

[1]A "marked" limitation in a domain will be found "when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. §416.926a(e)(2)(i). A "marked" limitation also means a limitation that is "more than moderate" but "less than extreme." Id.

[2]An "extreme" limitation in a domain will be found "when your impairment(s) interferes very seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. §416.926a(e)(3)(i). An "extreme" limitation is a limitation that is "more than marked" but does not necessarily mean a total lack or loss of ability to function. Id.

attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. §416.926a(b)(1)(i)-(vi).

The ALJ determined that Nickole has less than marked limitation of functioning in acquiring and using information, in attending and completing tasks, in interacting and relating with others, and in caring for herself. (R. 19-21, 23). In addition, the ALJ found that Nickole has no limitation of functioning in moving about and manipulating objects, and in health and physical well-being. (R. 22, 24).

With the exception of the domain of moving about and manipulating objects, plaintiff asserts that the ALJ's findings with respect to the other five domains are not supported by substantial evidence. However, after reviewing the record, the court concludes that the ALJ thoroughly explained the reasons for her findings regarding each of the six domains, (R. 19-24), and is satisfied that there is substantial evidence to support the ALJ's findings.

First, with regard to acquiring and using information, Nickole's full scale IQ score was 92, which reflected an average range of intellectual functioning. (R. 136). In addition, after Nickole moved from her mother's house and began living with her father, her grades improved from D's and F's to A's and B's. (R. 190). Further, one of Nickole's teachers reported that she completes her class work and does well participating in class.

AO 72
(Rev. 8/82)

(R. 110). For these reasons, the ALJ properly found that Nickole has less than a marked limitation in the domain of acquiring and using information.

The ALJ likewise correctly determined that Nickole has less than a marked limitation in the domain of attending and completing tasks. Nickole's teacher reported that she has only slight problems carrying out multi-step instructions, completing work accurately without careless mistakes and organizing her school materials. (R. 111). Nickole's teacher further reported that she has no problems paying attention when spoken to directly, sustaining attention during sports activities, focusing long enough to finish an assigned task, refocusing to task when necessary, waiting to take turns, carrying out single-step instructions, changing from one activity to another without being disruptive, completing homework assignments, working without distracting others, and working at a reasonable pace. (R. 111). In addition, Nickole's father stated that she demonstrated responsibility by raising and showing rabbits at a local fair. (R. 191).

Next, regarding the domain of interacting and relating with others, Dr. Kennedy noted that Nickole was pleasant and cooperative, and Nickole's father stated that her behavior improved after she moved in with him. (R. 191, 192). Nickole's teacher rated her as having no problem playing cooperatively with other children, seeking attention appropriately, expressing anger appropriately, asking permission appropriately, following rules,

AO 72
(Rev. 8/82)

respecting adults, taking turns in a conversation and using language appropriate to the situation at hand. (R. 112). Nickole's teacher indicated that she had only a slight problem making and keeping friends and in relating experiences and telling stories. (R. 112). Therefore, the ALJ's conclusion that Nickole has less than a marked limitation in interacting and relating with others is supported by substantial evidence.

The ALJ also properly found that Nickole has less than a marked limitation in the domain of caring for herself. Although Nickole's teacher initially reported that she had an obvious problem identifying and appropriately asserting emotional needs, (R. 114), school records subsequently indicated that the emotional support component of her Individualized Education Program was discontinued because she met the goals that were set for her in that area. (R. 215, 223). Otherwise, Nickole's teacher indicated she did not have any problems in the area of caring for herself. (R. 114).

Finally, the ALJ's conclusion that Nickole has no limitation in the domain of health and physical well being is supported by substantial evidence. Nickole's physician diagnosed her with allergies, but there is no evidence to indicate allergies adversely impacted her health in any significant way. (R. 148, 159). In addition, Nickole's ADHD was well-controlled with medication. (R. 115, 148, 159).

As the foregoing discussion of the evidence indicates, the ALJ correctly found that Nickole's impairments did not

functionally equally any listing because she did not have a marked limitation in two domains of functioning or an extreme limitation in one domain. Accordingly, the ALJ's step 3 finding is supported by substantial evidence.

After carefully and methodically considering all of the evidence of record, the ALJ determined that Nickole is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:  J. Kirk Kling, Esq.
     630 Pleasant Valley Boulevard
     Suite B
     Altoona, PA 16602

     Stephanie L. Haines
     Assistant U.S. Attorney
     319 Washington Street
     Room 224, Penn Traffic Building
     Johnstown, PA 15901

AO 72
(Rev. 8/82)